**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEARING LIFE USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:15-cv-04922-DDC-KGS |
| ) | |
| CHRISTOPHER HARMON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**INJUNCTION AND JUDGMENT**

Plaintiff Hearing Life USA, Inc. ("Hearing Life") brought this action against Christopher Harmon ("Harmon") for injunctive relief. This matter comes before the Court on the parties' request for issuance of this Injunction and Judgment. With the consent and agreement of Hearing Life and Harmon, and the Court being otherwise informed, the Court rules as follows:

1. Hearing Life is engaged in the practice of providing professional audiology and hearing aid fitting and dispensing services to the general public.

2. Harmon was employed by Hearing Life. Upon become employed, Harmon entered in to a Confidentiality, Nondisclosure, Nonsolicitation and Arbitration Agreement with Hearing Life ("Confidentiality Agreement").

3. Harmon's employment ended with Hearing Life on April 16, 2014.

4. Hearing Life asserts claims that Harmon has violated post-employment restrictive covenants contained in the Confidentiality Agreement. Harmon disputes that he has violated the restrictive covenants, and he further disputes the enforceability of the covenant not to compete contained in the Confidentiality Agreement.

5. The parties having stipulated to this Court entering this Injunction and Judgment, IT IS HEREBY ORDERED that through November _17_, 2016, Harmon is hereby enjoined from:

   a. Using disclosing, or transmitting including, all books, records, documents and information pertaining to Hearing Life's business activities, including but not limited to its customers, customers' accounts, and the identities, addresses or other information related to said customers and accounts;

   b. Soliciting or attempting to solicit, any person or entity who or which was served by Hearing Life at any time during Harmon's employment (excluding his relatives) or whose name became known to him as a result of his employment with Hearing Life;

   c. Using or disclosing Hearing Life's trade secrets or confidential business information (as defined in the Confidentiality Agreement), including information pertaining to current or former Hearing Life customers such as customer names, contact information and data, or otherwise violating Sections 1, 3, and 5 of the Confidentiality Agreement;

   d. Keeping any Hearing Life property, trade secrets or confidential business information that he currently possesses, including information pertaining to current or former Hearing Life clients such as client names, contact information and data; and

   e. Violating any and all other terms of the Confidentiality Agreement.

6. In addition to the above, IT IS FURTHER ORDERED that:

   a. Within 15 days of the date this Injunction and Judgment is entered by the Court, Harmon will return all Hearing Life property, documents, materials

        (including, but not limited to, customer lists and billing and supplier information) and/or any trade secrets and confidential business information in his possession or control; and

    b.    Harmon will pay Hearing Life an amount as set forth in paragraph 2(f)(i)-(ii) of a Settlement Agreement and Mutual Release entered into by and between Hearing Life, Harmon and Harmon's current employer, Hear Again, LLC.

7.    The remaining claims in the case are dismissed, with prejudice, each party to bear his or its own costs and attorneys' fees.

8.    This Injunction and Judgment shall be binding upon Christopher Harmon, his agents, employees, and all persons and entities in active concert, association or participation with him who receive notice of this Order.

9.    In the event that any part of this Injunction and Judgment is violated by any person or company bound to it, the party benefitting by the Injunction and Judgment may, by motion with notice to the other party, apply for sanctions and such other relief as may be appropriate.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of enforcing this Injunction and Judgment.

IT IS SO ORDERED.

November ___, 2015

                                                    U.S. District Court Judge

APPROVED BY:

*/s/ Brian J. Christensen*
Brian J. Christensen, KS Bar Number 16528
Janelle L. Williams, KS Bar Number 25343
JACKSON LEWIS P.C.
7101 College Boulevard, Suite 1150
Overland Park, Kansas 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Email: brian.christensen@jacksonlewis.com
Email: janelle.williams@jacksonlewis.com

*Attorneys for Plaintiff*


Christopher Harmon
5999 SW 22nd Park, Suite A
Topeka, Kansas 66614
Email: charmon@hearagainks.com

*Pro Se Defendant*

4

APPROVED BY:


_____
Brian J. Christensen, KS Bar Number 16528
Janelle L. Williams, KS Bar Number 25343
JACKSON LEWIS P.C.
7101 College Boulevard, Suite 1150
Overland Park, Kansas 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Email: brian.christensen@jacksonlewis.com
Email: janelle.williams@jacksonlewis.com

*Attorneys for Plaintiff*

_____
Christopher Harmon
5999 SW 22nd Park, Suite A
Topeka, Kansas 66614
Email: charmon@hearagainks.com

*Pro Se Defendant*


4836-3370-7562, v. 1

4